Dear Mr. Prejeant:
Reference is made to your request, on behalf of Terrebonne Parish Consolidated Waterworks District No. 1 ("Waterworks"), for an Attorney General's opinion regarding the use of Waterworks funds for construction of a waterline which will serve property expected to be subdivided by its private owner, for sale as commercial lots.
You letter indicates that it is the long-established policy of Waterworks to require real estate developers and other sub-dividers of property to bear the expense of the installation of water mains or lines to newly developed or subdivided areas. In spite of this policy, it has been suggested that Waterworks install the waterline in question, which will run adjacent to an existing road right-of-way and within a waterline installation right-of-way which is expected to be granted by the landowner/developer, pursuant to a cooperative endeavor with the Terrebonne Parish Consolidated Government ("Terrebonne"), in the interest of economic development. It is our understanding that the terms of the proposed cooperative endeavor will require Terrebonne to provide either $50,000.00 or half of the project costs associated with the installation of the waterline. It is assumed that any costs of the proposed waterline installation project which are not borne by Terrebonne will be paid by the District, with District funds. Specifically, the question to be addressed by this office is whether or not Waterworks may engage in the proposed construction project for installation of the waterline, the expenses for which will be shared by Waterworks and Terrebonne, in order to provide economic development to the area where the property to be developed is located.
As your letter indicates, you are aware that the questioned presented by your request must be addressed in light of the provisions of La.Const. (1974) Art. VII, Sec. 14, which contains the constitutional standard for the lawful use of public funds and property. La. Const.Art. VII, Sec. 14(A) generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private.
This office has long recognized the caution which must be exercised in the expenditure of public funds. Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La. Const. Art.VII, Sec. 14, as set forth in City of Port Allen v. Louisiana Mun. Risk,439 So.2d 399 (La. 1983), wherein the Court states: " this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The previous opinions of this office recognize that the requirement of a legal obligation to expend public funds or use public property is the threshold predicate for the constitutionality of an expenditure or use.[1]
Pertinently, in City of Port Allen, supra, the Court stated: " even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporation or to individuals merely for a public purpose'." See also: Attorney General'sOpinions Nos. 02-0125 and 01-0389.
It is our understanding that the proposed waterline installation project is to be undertaken by Waterworks in the interest of economic development; however, this office is not aware of, nor did our research reveal, any provision of law which would obligate or authorize a waterworks district to engage in economic development, or to utilize the public funds entrusted to it for operation of a public water distribution system for economic development. As such, we are constrained to opine that La, Const, Art. VII, Sec. 14 prohibits Terrebonne Parish Consolidated Waterworks District No. 1 from utilizing its funds for the construction of a waterline intended to serve private interests, whether or not the project is undertaken in cooperation with the Terrebonne Parish Consolidated Government. In accord: Attorney General's OpinionNo. 00-57, which determined that a consolidated gravity drainage district could not use public funds entrusted to it for drainage purposes for economic development. Attorney General's Opinion No. 97-408, which determined that a school board could not lease property it owned for a nominal rent, even in the interest of economic development, because school boards are not authorized or obligated to engage in economic development.
We trust the foregoing to be helpful. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
[1] Although the requirement of a legal obligation is the threshold predicate for the constitutionality of an expenditure of public funds, it is not, the only predicate. The expenditure must also be for a public purpose and create a public benefit proportionate to its cost. Attorney General's Opinion No. 90-63.